UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAH D'ALESSANDRO, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:12-cv-600 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CUMBERLAND FARMS, INC., | : | JUNE 19, 2012 |
| Defendant. | : | |

**RULING RE: MOTION TO REMAND TO STATE COURT (DOC. NO. 15)**

**I.      INTRODUCTION**

This action arises from plaintiff Sarah D'Alessandro's slip and fall in a

Cumberland Farms store in Waterbury, Connecticut, in August 2009.  Currently pending

before the court is D'Alessandro's Motion to Remand to State Court.  Doc. No. 15.  For

the following reasons, the Motion is granted and the case is remanded.

**II.     BACKGROUND**

On February 25, 2012, D'Alessandro filed suit in Connecticut Superior Court,

asserting negligence claims against Cumberland Farms, Inc. ("Cumberland"), and Dilip

Katkar, the manager on duty at the time of her fall.  Notice of Removal (Doc. No. 7),

Ex. A ("Complaint").  Diversity of citizenship did not exist at the time of filing, because

D'Alessandro and Katkar are both citizens of Connecticut.  Notice of Removal ¶¶ 1,3.

On March 5, 2012, the state court granted Katkar's Motion for Summary

Judgment.  Id. ¶ 9.  D'Alessandro filed a Notice of Intent to Appeal, which would have

allowed her to defer appeal of the Katkar ruling until the state court entered final

judgment in the case.  Id. ¶ 10; Conn. R. App. P. §  61-5(a)(2).  Katkar, however,

objected to deferral of the appeal.  Notice of Removal ¶ 11.  Under the Connecticut

Rules of Appellate Procedure, D'Alessandro was required to file her appeal within

twenty days of Katkar's objection.  Conn. R. App. P. §  61-5.  D'Alessandro failed to do

so.  Notice of Removal ¶ 12.  Cumberland subsequently removed the case to this court

on April 23, 2012.[1]

## III.    DISCUSSION

At the time D'Alessandro commenced this action in state court, section 1446 of

Title 28 of the United States Code provided that "a case may not be removed upon the

basis of jurisdiction conferred by section 1332 of this title more than 1 year after

commencement of the action."  28 U.S.C.A § 1446(b) (West 2011).  On December 7,

2011, section 1446 was amended to provide that removal after one year is permissible if

"the district court finds that the plaintiff has acted in bad faith in order to prevent a

defendant from removing the action."  See Federal Courts Jurisdiction and Venue

Clarification Act of 2011, Pub. L. No. 112-63, § 103(b), 125 Stat. 758, 760 (2011)

(codified at 28 U.S.C. § 1446(c)(1)).  The "bad faith" amendment does not apply to this

case, because D'Alessandro commenced the action prior to the amendment's effective

date of January 6, 2012.  See id. § 205 (specifying that the amendment "shall take

effect upon the expiration of the 30-day period beginning on the date of the enactment

of this Act" and that it shall apply to "any action that is removed from a State court to a

United State district court and that had been commenced, within the meaning of State

law, on or after [the Act's] effective date").

---

[1] The court notes that a defendant typically may not remove a case on the basis of diversity
jurisdiction where diversity did not exist at the time of filing and was created by a state court's entry of
summary judgment in favor of the non-diverse party (i.e., an involuntary dismissal).  See Quinn v. Aetna
Life and Cas. Co., 616 F.2d 38, 40 n.2 (2d Cir. 1980).  The "involuntary dismissal" rule does not apply
here, however, because D'Alessandro failed to file a timely appeal of the state court's ruling in favor of
Katkar.  See id. (holding that a plaintiff's failure to appeal a state court ruling is the "functional equivalent"
of a voluntary dismissal and does not bar removal).

However, even prior to the enactment of the statutory "bad faith" exception to the one-year removal deadline, some courts recognized a roughly equivalent equitable exception.  See, e.g., Tedford v. Warner-Lambert Co., 327 F.3d 423, 429 (5th Cir. 2003) (holding that an equitable exception is available "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights [within the statutory period]"); see also In re Rezulin Prods. Liab. Litig., No. 00 Civ. 2843, 02 Civ. 6827, 2003 WL 21355201, at *2 (S.D.N.Y. June 4, 2003) ("an equitable exception to the one-year time limit imposed by Section 1446(b) is warranted where . . . the circumstances suggest that the plaintiff acted tactically to avoid removal and the interests of justice favor removal").  The Second Circuit has never addressed the question of whether the one-year deadline may be equitably extended.

Cumberland does not dispute that it removed this action more than one year after commencement.  Notice of Removal ¶ 14.  Cumberland contends, however, that its failure to meet the statutory deadline was the result of D'Alessandro's strategic efforts to prevent removal.  Cumberland first argues that D'Alessandro had no factual basis for asserting a negligence claim against Katkar—who did not own, possess, or control the store in which D'Alessandro fell—and that she joined him "solely for the purposes of destroying diversity and preventing [removal]."  Def.'s Mem. Opp'n (Doc. No. 13) at 8.  Cumberland further argues that D'Alessandro sought to delay removal by requesting two sixty-day extensions of time to respond to Katkar's Motion for Summary Judgment in state court and by attempting to defer appeal of the state court's ruling until the entry of final judgment in the case.  Notice of Removal ¶¶ 14-15.

3

However, if the fraudulent nature of D'Alessandro's claim against Katkar was apparent to Cumberland from the face of the Complaint, Cumberland should have removed the case immediately and asked the federal court to dismiss Katkar as a fraudulently joined defendant.  See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998) (holding that a defendant may remove on a theory of fraudulent joinder if it can "demonstrate, by clear and convincing evidence . . .  that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court").  There was no need to wait for the state court to grant Katkar's Motion for Summary Judgment before removing.  Accordingly, Cumberland cannot show that D'Alessandro's joinder of Katkar or requests for extensions of time in state court prevented timely removal of the case.  Compare Hill v. Delta Intern. Machinery Corp., 386 F. Supp. 2d 427, 431 (S.D.N.Y. 2005) (declining to apply equitable exception where defendants could have relied on the fraudulent joinder doctrine to remove in a timely manner), with In re Rezulin, 2003 WL 21355201, at *1 (applying equitable exception where the complaint did not suggest that the non-diverse defendant had been fraudulently joined).

The court is also doubtful that D'Alessandro's two requests for extensions of time in state court—requests that Cumberland did not oppose—represent the sort of clearly strategic behavior that the equitable exception was designed to address.  Cf. Tedford, 327 F.3d at 427 (applying equitable exception where the plaintiff joined a non-diverse defendant only hours after being informed of the defendant's intention to remove the case and then voluntarily dismissed that non-diverse defendant as soon as the one-year period for removal expired).  Thus, even assuming that an equitable extension is

generally permissible in the Second Circuit, the court finds that such an extension is not justified in the present case.

## A.  CONCLUSION

Because this action was removed more than one year after its commencement in state court, the Motion to Remand (Doc. No. 15) is granted.  The Clerk is directed to remand this case to Connecticut Superior Court, Judicial District of Waterbury.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 19th day of June, 2012.


　　　　　　　　　　　/s/ Janet C. Hall
　　　　　　　　　　Janet C. Hall
　　　　　　　　　　United States District Judge